## VERCELLOTTI,
*Respondent - Cross-Appellant,*

*v.*

## HANSEN,
*Appellant - Cross-Respondent.*

(78-268-L; CA A33852)

728 P2d 575

Sidney E. Ainsworth, Ashland, argued the cause for appellant - cross-respondent. With him on the briefs were Jack Davis, and Davis, Ainsworth, Pinnock, Davis & Gilstrap, P.C., Ashland.

Matthew W. Beddoe, Klamath Falls, argued the cause for respondent - cross-appellant. On the brief were Arthur A. Beddoe, and Beddoe & Beddoe, Klamath Falls.

Before Joseph, Chief Judge, and Newman and Deits, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Defendant appeals and plaintiff cross-appeals from the trial court's judgment in this partnership dissolution proceeding. The principal issue defendant raises is whether the trial court erred by refusing to give effect to an unexecuted writing styled a partnership dissolution agreement. According to defendant, plaintiff stood by in silence while defendant changed his position in reliance on the agreement; plaintiff accepted the benefits of the agreement; and plaintiff is therefore equitably estopped from denying its effectiveness.

The trial court found, generally, that defendant "did all of the record keeping and made the vast majority, if not all, of the business transactions" on behalf of the partnership. That finding is correct and is not questioned. The court also found that defendant was not credible and that plaintiff, although he did "not have totally clean hands," was more believable than defendant. The court's specific finding with respect to the agreement is:

> "The partners never reached agreement on the amount of the assets and liabilities of the partnership and the correct distribution of the assets of the partnership and, therefore, no agreement was reached between the partners as to the distribution of partnership assets."

That finding is not completely responsive to defendant's equitable estoppel argument. His underlying point is that a document was prepared and that, although they did not sign it, the parties acted in accordance with it. The equitable estoppel argument is not necessarily defeated by the fact that the parties did not consider or include in the writing everything that would have to be included in a partnership accounting or in a dissolution judgment. That fact does not have the necessary meaning which the finding and plaintiff appear to give it: that the parties did not reach *any* agreement as to the distribution of partnership property, even one based on incomplete information. The agreement which they did reach could arguably be enforceable as far as it goes.

However, defendant's argument is defeated by the facts, which we find, that he had complete knowledge and management of the partnership's business affairs and that he did not disclose—or disclose correctly—relevant information

about the partnership's worth to plaintiff before the instrument was prepared. Defendant was no more forthcoming during the period when, he maintains, plaintiff appeared satisfied with what the instrument purported to give him. Equitable estoppel is not available to defendant; he ascribes the estoppel effect to a writing which was the product of "his own artifice or misrepresentation." *Ormsbee v. Smejkal,* 263 Or 118, 130, 501 P2d 1267 (1972).

■ Although plaintiff relies on the facts to which we have pointed as support for his argument that no agreement was reached, he does not specifically argue that those facts bar defendant from invoking equitable estoppel. However, it is unnecessary that the opposing party raise the point for a court to deny an equitable remedy to a party who has behaved inequitably. We hold that plaintiff was not bound by the unexecuted agreement.

Defendant's remaining assignment and all of plaintiff's assignments assert that the court erred in certain findings regarding assets, liabilities and the parties' contributions to capital and in its distribution judgment. Those assignments raise no legal issues that are of precedential significance, and they turn on facts that are of no concern to anyone other than the parties, their lawyers and those of us whose career choices require that we be apprised of them. We have considered all of the assignments and will discuss only the points which necessitate changes in the judgment, which will be discussed summarily.

Defendant argues that the court erred by including $4,482 interest on two notes due from plaintiff to the partnership as part of plaintiff's capital contribution. Plaintiff concedes the error. He also concedes that the amount of his "promissory note for purchase of Field interest" is $12,500 rather than the $12,485 found by the trial court. Finally, plaintiff agrees that, under the terms of the partnership agreement, the sum of the two notes and the interest on them should be subtracted from his share of partnership profits rather than being awarded as part of his capital account. No further error is demonstrated by or in connection with defendant's appeal.

■ Two of plaintiff's assignments on his cross-appeal require modification of the judgment. The first is that, of the

$76,000 that the court included in the partnership liabilities for defendant's unreimbursed loans and advances to the partnership, plaintiff consented to and had knowledge of only $30,012. The partnership agreement requires written consent by the other partner to a partner's loan or advance. Defendant does not dispute those facts, but argues that the parties modified the agreement by conduct and that "equity requires * * * reimbursement." The trial court agreed with defendant. We do not. The agreement is clear, and its purpose—to prevent one partner from creating partnership debts payable by the other—is also clear. The amount of the liability, including interest, must be adjusted.

The second modification which plaintiff shows to be necessary is the inclusion in the partnership assets of promissory notes from members of limited partnerships with which defendant was affiliated. The trial court concluded that plaintiff had abandoned the claim. Be that as it may, we understand defendant to concede the issue on appeal. He states:

> "Plaintiff seeks the inclusion of certain notes executed by partners in some limited partnerships associated with [this partnership]. Defendant has no objection so long as the notes are awarded to Plaintiff, excepting the one executed by Defendant."

We accept the concession that some notes should be included among the partnership assets. The parties do not provide us with sufficient information or explanation on which to base a conclusion concerning the precise identity or value of the notes which are includable or concerning defendant's proposed distribution of the notes.

On appeal and cross-appeal, affirmed in part; reversed in part; and remanded for further proceedings not inconsistent with this opinion.